UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SINGLETON FOOD SERVICES, INC. ) | CHAPTER 11 |
| ) | CASE NO. 18-22157-jrs |
| Debtor. ) | |

# EMERGENCY MOTION FOR ENTRY OF INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

COMES NOW Singleton Food Services, Inc. ("Debtor"), and respectfully submits this Motion for Entry of Interim Order Authorizing Use of Cash Collateral (the "Motion") pursuant to 11 U.S.C. §§ 105, 361, 362 & 363, and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking Court approval and authorization for the immediate interim use of cash collateral.  Debtor also requests the Court schedule an expedited hearing on the Motion. The following is offered in support of this Motion:

## SUMMARY OF RELIEF REQUESTED

1.

The Debtor believes that United Community Bank ("UCB") *may* assert a security interest in the accounts and revenues of the Debtor derived from its operation of twelve Subway franchises in North Georgia and North Carolina.

Debtor does not concede that UCB has a valid security interest in cash and accounts at this time. However, out of an abundance of caution the Debtor requests that immediate interim authorization for use of cash collateral (to the extent cash collateral exists) be given pursuant to Bankruptcy Rule 4001(b)(2) to allow it to use cash on hand and revenues from retail operations for ordinary and necessary operating expenses of its business.

2.

This matter must be handled on an expedited basis because the Debtor believes its business operations and reorganization efforts will suffer immediate and irreparable harm if it is not allowed to use cash collateral during the next sixty (60) days or other interim period (the "Interim Period"). The Debtor cannot meet its daily operating expenses unless it is permitted to use cash.

3.

Notice of this Motion has been served by e-mail to the Office of the U.S. Trustee (David.S.Weidenbaum@usdoj.gov) and UCB (zach_henderson@ucbi.com) in accordance with Fed. R. Bankr. P. 4001(b) and to the parties on the service list attached hereto.

4.

The Debtor requests that the Court grant immediate authority to use cash collateral.

## INTRODUCTION

5.

On November 3, 2018 (the "Petition Date"), the Debtor commenced the above-captioned case by filing voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. The subject matter of this motion is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (M). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## HISTORY AND BACKGROUND

7.

Debtor is a Georgia corporation that owns and operates twelve Subway franchises in North Georgia and North Carolina. Debtor's only income comes from its retail food operations.

8.

Debtor is an obligor on certain promissory notes and UCC Financing Statements in favor of UCB.

9.

Assuming for purposes of this Motion only that UCB has a perfected security interest in the Debtor's real and personal property, that collateral is worth at least the amount of debt owed to UCB.

**REQUESTED RELIEF**

10.

By this Motion, Debtor requests interim authorization for use of cash collateral which may be subject to the lien of UCB pursuant to Bankruptcy Rule 4001(b)(2) to allow the use of cash on hand and revenues from retail operations for ordinary and necessary operating expenses of the Debtor. The Debtor also requests that the Court schedule a final hearing on the use of cash collateral in the event any objection is filed.

11.

As previously asserted the Debtor believes a security interest in cash collateral *may* exist in favor of UCB to the extent of the revenues generated from operations of the Debtor's retail stores. The Debtor does not presently take a position as to the validity, priority, enforceability, and/or extent of any lien of UCB and thus, as a part of this Motion, reserves any and all rights with respect thereto.

For purposes of the Motion only, the Debtor assumes that the claimed liens, to the extent that they are claimed, are valid.

12.

In order to continue operations during the course of this case, which continued operations are deemed necessary to maximize the value of the Debtor's assets, Debtor must continue to use cash collateral, which cash collateral is in the control of the Debtor.

13.

In connection with its operations, Debtor incurs expenses which include, but are not limited to, payroll and associated expenses, food and supplies, maintenance, utilities, taxes, insurance, fees and other operational and capital costs (the "Operating Expenses"). Debtor has prepared a 60-day budget, attached hereto as Exhibit A.

14.

It is crucial for the Debtor to have the use of cash collateral to pay ordinary and necessary operating expenses in order to (a) avoid disruption of its business operations; (b) maintain community and tenant relations and loyalty; (c) maintain its community presence; and (d) preserve the going concern value of the Debtor and its estate while the Debtor formulates and implements a plan of reorganization.

15.

As for adequate protection for the use of cash collateral as set forth in the Budget, the Debtor hereby offers a post-petition replacement lien to UCB on cash pursuant to and in accordance with 11 U.S.C. §§ 361(2) and 552(b): (a) to the extent of cash collateral actually expended; (b) on the same assets and in the same order of priority as currently exists; and (c) with Debtor's full reservation of rights with respect to the issues set forth in paragraph 11 above.

16.

In addition to the expenses listed on the Budget, the Debtor requests that it be permitted to use cash to pay all quarterly fees of the United States Trustee as they come due.

17.

The Debtor is seeking an Order authorizing the immediate interim use of cash collateral pursuant to Bankruptcy Rule 4001(b)(2) pending a final hearing on this Motion. Debtor meets the five-part test for immediate use of cash collateral as set forth in the Committee Note following Bankruptcy Rule 4001: (a) the Emergency Motion sets forth the amount of cash collateral sought to be used; (b) it sets forth the name and address of the entity Debtor believes to have or claim an interest in and to the cash collateral; (c) it identifies the entity that is in control of the cash collateral; (d) it sets forth the facts demonstrating the immediate need for

6

the use of cash collateral; and (e) it sets forth the adequate protection being offered to the lender.

18.

By this Motion, the Debtor also requests final approval, following a final hearing, to use cash collateral throughout the course of this case.

WHEREFORE, Debtor respectfully requests the Court schedule an expedited hearing on the Motion and enter an Order authorizing the Debtor's use of cash collateral; grant the Debtor final approval to use cash collateral following a final hearing on this Motion; and grant such other and further relief as is just and appropriate.

Respectfully submitted, this 6th day of November 2018.

_____/S/_____
Scott B. Riddle, Esq.
GA Bar 604855
**Law Office of Scott B. Riddle, LLC**
Suite 1800
3340 Peachtree Road NE
Atlanta GA 30326
Telephone: (404) 815-0164
Facsimile: (404) 815-0165
scott@scottriddlelaw.com
***Counsel for Debtor***

7

| MONTHLY SALES | NOVEMBER | DECEMBER |
|---|---|---|
| INCOME | $ 294,000.00 | $ 295,000.00 |

|  |  |  |
|---|---|---|
|  | $ 108,780.00 | $ 109,150.00 |

|  |  |  |
|---|---|---|
| RENT | $ 18,996.69 | $ 17,346.69 |
| PAYROLL | $ 83,000.00 | $ 83,000.00 |
| POWER | $ 9,600.00 | $ 8,600.00 |
| WATER/SEWER | $ 600.00 | $ 400.00 |
| TELEPHONE/INTERNET | $ 3,700.00 | $ 3,700.00 |
| GARBAGE | $ 1,200.00 | $ 1,200.00 |
| INSURANCE | $ 4,150.00 | $ 4,150.00 |
| REPAIRS & MAINTENANCE | $ 3,000.00 | $ 3,000.00 |
| PAYROLL SERVICE FEES | $ 1,440.00 | $ 1,440.00 |
| LAWN CARE | $ 500.00 | $ 500.00 |
| EQUIP LEASE | $ 1,179.00 | $ 1,179.00 |
| STORE SUPPLIES | $ 1,800.00 | $ 1,800.00 |
| OFFICE SUPPLIES | $ 470.00 | $ 470.00 |
| MARKETING | $ 13,230.00 | $ 13,275.00 |
| FRANCHISE FEES | $ 23,520.00 | $ 23,600.00 |
| PROPERTY TAX | $ - | $ 7,400.00 |
| LOAN PAYMENTS (UCB) | $ 9,825.00 | $ 9,825.00 |
| ACCOUNTING FEES | $ - | $ - |
| BUSINESS LICENSE | $ - | $ 4,200.00 |
| LEGAL FEES |  |  |
| UST FESS |  |  |
| **TOTAL EXPENSES** | $ 176,210.69 | $ 185,085.69 |

| TOTAL CASH OUTFLOWS | $ 284,990.69 | $ 294,235.69 |