UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SINGLETON FOOD SERVICES, INC. ) | CHAPTER 11 |
| ) | CASE NO. 18-22157-jrs |
| Debtor. ) | |

EMERGENCY MOTION FOR ORDER AUTHORIZING DEBTOR
TO MAINTAIN PRE- PETITION ACCOUNTS

COMES NOW Debtor Singleton Food Services, Inc. ("Debtor") and files this Emergency Motion for Order Authorizing Debtor to Maintain Pre-Petition Accounts. In support of this Motion, Debtor shows the following:

1.

On November 3, 2018 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (as amended, modified, or supplemented the "Bankruptcy Code"). In accordance with Sections 1107(a) and 1108 of the Bankruptcy Code, Debtor operates its business as a Debtor-in-Possession.

2.

Debtor is a Georgia corporation that owns and operates twelve Subway franchises in North Georgia and North Carolina. Debtor's only income comes from its retail food operations.

1

3.

Debtor anticipates that United Community Bank ("UCB") will assert a blanket lien on Debtor's accounts and receivables. Debtor has filed an emergency motion for authorization to use cash collateral contemporaneously with this Motion. The bank accounts relevant to this Motion are maintained at UCB.

4.

Debtor has approximately 110 employees on payroll who are paid every two weeks.

5.

Debtor maintains thirteen bank accounts with UCB – one account for each retail store (the "Store Accounts") and one primary operating account ("Operating Account"). All revenues from each Subway retail store are deposited into that store's separate Store Account. Payroll for each store is paid from that store's Store Account and certainty royalty fees are also paid from each individual store's Store Account. The remaining revenues for each of the twelve Store Accounts are then manually swept into the Debtor's primary operating account. The Debtor's operating expenses are then paid from the Operating Account. Debtor also has a merchant account with American Express, and all sales proceeds from a particular store go into that store's Store Account.

6.

The Guidelines issued by the United States Trustee require chapter 11 debtors to immediately close all existing bank accounts and open new accounts with new checks and business forms bearing the designation "Debtor in Possession" and containing certain other information related to the bankruptcy case.

7.

The Debtor believes that it would be burdensome and disruptive to the Estate if Debtor had to close all Store Accounts and the Operating Account. Debtor operates twelve retail stores and relies heavily on credit card purchases. Any disruption with the Store Accounts and credit card merchant accounts could harm Debtor's business. Without the ability to take credit and debit cards, the stores would have to close during any periods of disruption.

8.

Based on the above, Debtor requests that it be allowed to maintain the Store Accounts and Operating Account, and associated account numbers, during this Chapter 11 case.

9.

The Court has the authority to grant the relief requested herein pursuant to Section 105(a) of the Bankruptcy Code, which provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]". 11 U.S.C. § 105(a). Debtor represents that the relief requested herein is in the best interests of Debtor's estate and creditors and is both necessary and appropriate to further the policy of Chapter 11 of the Bankruptcy Code.

**Notice**

10.

Debtor will provide notice of this motion to: (a) the United States Trustee; (b) each of the Debtor's twenty (20) largest unsecured creditors; and (c) any party having filed a request for notices pursuant to Federal Rule of Bankruptcy Procedure 2002(i); and (d) United Community Bank.

WHEREFORE Debtor respectfully requests that the Court enter an Order:

(a) authorizing the Debtor to maintain and utilize the Store Accounts and Operating Account as set forth hereinabove opened prior to the

Petition Date; and (b) granting such other and further relief as the Court deems just and proper.

This 6th day of November 2018.

                                              /S/
Scott B. Riddle, Esq.
GA Bar 604855
**Law Office of Scott B. Riddle, LLC**
Suite 1800
3340 Peachtree Road NE
Atlanta GA 30326
Telephone: (404) 815-0164
Facsimile: (404) 815-0165
scott@scottriddlelaw.com
***Counsel for Debtor***