UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SINGLETON FOOD SERVICES, INC. | ) | CHAPTER 11 |
| | ) | CASE NO. 18-22157-jrs |
| Debtor. | ) | |

### DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER ESTABLISHING NOTICE AND ADMINISTRATIVE PROCEDURES

Singleton Food Services, Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned case (this "Chapter 11 Case"), through its undersigned counsel, hereby moves (this "Motion") this Court for the entry of an order, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2002(m) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing the Debtor to establish a limited service list under Bankruptcy Rule 2002(m) and related notice procedures; (ii) authorizing the Debtor to list the addresses of counsel for wage and hour claimants in the Debtor's creditor matrix in lieu of the claimants' addresses; and (iii) authorizing the Debtor to serve any documents required to be served on wage and hour claimants on the claimants' known counsel of record.

1

## JURISDICTION & VENUE

1.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.

The statutory predicate for the relief requested herein is section 105(a) of the Bankruptcy Code. Such relief is warranted under Bankruptcy Rule 2002(m).

## BACKGROUND

3.

Debtor filed a voluntary Petition for Relief under 11 U.S.C. Chapter 11 on November 3, 2018 and has continued in possession of its property and the management of its affairs as a Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 & 1108.

4.

Debtor is a Georgia corporation that owns and operates twelve Subway franchises in North Georgia and North Carolina.

5.

Prior to the Petition Date, claims were made against the Debtor and the Debtor has been named as a defendant in a lawsuit wherein the plaintiffs (the "Claimants") seek money damages from the Debtor for alleged violations of federal wage and hour laws (the "Wage and Hour Claims").  *See Hope Thomas v. Singleton Food Services, Inc. and J. Edward Singleton, Jr.*, Civil Action No. 2:17-cv-00090-RWS (U.S. District Court, N.D.G.A., filed May 19, 2017).

6.

The lawsuit was filed as a class action and a class was conditionally certified in November 2017.  The parties in the case subsequently participated in mediation that was ultimately unsuccessful.  Debtor believes that discovery in the case commenced in September 2018.

7.

The undersigned counsel does not know whether all claimants in the litigation have been identified and added to the case and is currently compiling a list of claimants to add to the creditor list and schedules in this case.  It is believed that the number of potential claimants is between 150-180.  Importantly, the Debtor believes that even if the claimants prevail in their wage and hour claims most of them would be entitled to a relatively *de minimis* amount.  All Claimants, at this

time, are represented by the Decatur law firm of Poole Huffman, LLC, Suite 344, 315 W. Ponce de Leon Ave., Decatur, Georgia 30030.

8.

Throughout the course of this Chapter 11 Case, various notices, mailings, and other communications must be sent to parties-in-interest, including the Claimants. To ensure that parties-in-interest receive proper and timely notice of filings and critical events in this Chapter 11 Case and to limit the administrative burden of such notice on the Debtor's estate, the Debtor seeks to establish the notice procedures described in this Motion.

**RELIEF REQUESTED**

9.

By this Motion, the Debtor respectfully requests the entry of an order: (i) authorizing the Debtor to establish a limited service list under Bankruptcy Rule 2002(m) (the "Master Service List") and establishing related notice procedures; (ii) authorizing the Debtor to list the addresses of counsel for Claimants in the Debtor's creditor matrix in lieu of the Claimants' addresses; and (iii) authorizing the Debtor to serve any documents required to be served on the Claimants in this Chapter 11 Case on the Claimants' known counsel of record in lieu of the Claimants.

**BASIS FOR REQUESTED RELIEF**

**A.    Master Service List and Notice Procedures**

10.

Currently, as many as 200 creditors (including the Claimants) and parties-in interest may be entitled to receive notice in this Chapter 11 Case. To require the Debtor to provide notice of all pleadings and other papers filed in this case to these parties in interest would be overly burdensome and costly to its estate.

11.

The Debtor therefore proposes to establish the Master Service List, which would include: (i) the Office of the United States Trustee for the Northern District of Georgia; (ii) the Debtor; (iii) counsel for the Debtor; (iv) the Debtor's twenty (20) largest unsecured creditors (or their counsel); (v) the law firm representing the Claimants holding wage and hour claims against the Debtor; (vi) counsel for any official committee appointed by the Bankruptcy Court; (vii) counsel for any future claimants' representative appointed by the Bankruptcy Court; (viii) those persons who have formally appeared and requested service in this Chapter 11 Case pursuant

to Bankruptcy Rule 2002; and (ix) other government agencies to the extent required to be served by the Bankruptcy Rules and the Local Rules.

12.

With respect to the Debtor's twenty (20) largest unsecured creditors, at such time that a creditors' committee, if any, is formed, the Debtor will add the attorneys for the creditors' committee to the Master Service List and will remove the Debtor's twenty (20) largest unsecured creditors.

13.

Further, with respect to any party in interest who wishes to receive notice of pleadings filed in this Chapter 11 Case, the Debtor requests that such party file a written notice of appearance (a "2002 Notice") and request for service of papers, which shall include such party's: (i) name; (ii) address; (iii) name of client, if applicable; (iv) telephone number; (v) facsimile number; and (vi) e-mail address.

14.

The proceedings with respect to which notice would be limited to the Master Service List would include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to Section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for

filing objections to, and the hearing to consider approval of, a disclosure statement or confirmation of a plan of reorganization; and (iv) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. The Master Service List also would be used for proceedings in addition to Rule 2002 matters that may be required by the Local Rules to be served upon all parties-in-interest.

15.

The Debtor will update the Master Service List at least every fifteen (15) days during the first thirty (30) days of this Chapter 11 case, and thereafter at least every thirty (30) days to the extent necessary to include the name and address of any party-in-interest that has made a written request for notice since the prior month. Such updated Master Service List will be filed with the Bankruptcy Court only in the event that there is a change to the Master Service List.

16.

Upon the completion of noticing any particular matter, the Debtor or its agent will submit to the Bankruptcy Court either an affidavit of service or certification of service annexing the list of those parties who received the subject notice.

17.

The Debtor requests that the electronic service of a Notice of Electronic

Filing of a pleading or paper by any person who participates in the ECF system constitute service of the pleading or paper on any other interested party listed on the Master Service List who participates in the ECF system, and that no conventional service on such interested party be required. The Debtor also requests that service of a pleading or paper by electronic mail on any interested party listed on the Master Service List who does not participate in the ECF system, but has provided an e-mail address on its notice of appearance and request for service or otherwise in connection with any pleading or paper filed in this Chapter 11 Case, shall constitute sufficient service of the pleading or paper, and no conventional service on such interested party shall be required. Notwithstanding anything to the contrary contained in this paragraph, notices required by Bankruptcy Rule 2002(a)(1), (4), (5), and (7), and (b)(1) and (2) will be served conventionally in hard copy.

18.

The Debtor believes that the relief requested in this Motion is in the best interest of its estate and creditors and will not prejudice the rights of any party-in-interest in this Chapter 11 Case.

### B.    Notice To Counsel Of Record In Lieu Of The Claimants

19.

The Debtor proposes to list the addresses of counsel for Claimants in the Debtor's creditor matrix in lieu of the Claimants' addresses and serve all notices, mailings, and other communications that are required to be served on the Claimants to the Claimants' respective counsel of record in the manner required pursuant to the applicable notice procedures in effect in this Chapter 11 Case (the "Claimants Notice Procedures").

20.

Ample authority exists for approval of the relief requested in this Motion. Courts have held that a debtor in a chapter 11 case may fulfill the requirements of due process by providing notice to the counsel of record for a claimant who is engaged in litigation with the debtor. *See In re WorldCom*, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (notice to a creditor's attorney is binding on that creditor where the attorney was retained in a state court matter with sufficient knowledge of and nexus to the bankruptcy case); *In re Savage*, 167 B.R. 22, 26 (Bankr. S.D.N.Y. 1994) (notice to a creditor's attorney is binding on that creditor where the attorney was retained to collect the debt scheduled in the bankruptcy case); *In re Linzer*, 264 B.R. 243, 249 (Bankr. E.D.N.Y. 2001) (notice

would have been appropriate to creditor's nonbankruptcy counsel if timely sent; the non-bankruptcy counsel was the authorized agent of the creditor); *see also In re Schicke*, 290 B.R. 792 (10th Cir. BAP 2003), aff'd, 97 F. App'x 249 (10th Cir. 2004); *Maldonado v. Ramirez*, 757 F.2d 48 (3d Cir. 1985); *Linder v. Trump's Castle Assocs.*, 155 B.R. 102 (D.N.J. 1993); *In re Honigman*, 141 B.R. 69 (Bankr. E.D. Pa. 1992); *In re First Am. Health Care of Ga., Inc.*, 220 B.R. 720 (Bankr. S.D. Ga. 1998); *In re Griggs*, 306 B.R. 660 (Bankr. W.D. Mo. 2004).

21.

Even though the attorney who receives notice may not be a bankruptcy specialist, an attorney who is licensed to practice law is deemed to have sufficient training to discover the appropriate law and rules that govern the bankruptcy process. *See In re Linzer*, 264 B.R. at 249 (finding that the creditor's non-bankruptcy counsel is an authorized agent of the creditor where it receives notice via a copy of a mailing, because the non-bankruptcy counsel is expected to possess general knowledge of bankruptcy law). Indeed, one court expressly held that the direct mailing of bar date notices to personal injury claimants, rather than their known attorneys, does not satisfy the due process requirement of adequate notice, since it was highly unlikely that such claimants would have paid attention to notices or have been able to understand and react properly to them. *See In re Grand Union*

*Co.*, 204 B.R. 864, 874 (Bankr. D. Del. 1997). Instead, the court held that such claimants could expect that notices would have been sent to their counsel, with whom the debtor's claims adjuster had been communicating prior to the bankruptcy filing. *Id*.

22.

By establishing the Claimants Notice Procedures in this Chapter 11 Case, the Claimants will receive superior notice than they would if the Debtor attempts to deliver notices directly to the Claimants. The Debtor does not maintain a record of the Claimants' addresses outside of its employee and payroll records, which likely does not include current addresses of former employees. Moreover, the Claimants are lay persons, most of whom have not been involved in a commercial bankruptcy case or seen the types of notices and pleadings that will be served in this Chapter 11 Case and likely will be unfamiliar with the actions that may be required to respond to such notices. Additionally, the Claimants Notice Procedures will ease the Debtor's administrative burden of sending notices to all potential Claimants, resulting in more cost-effective notice procedures that benefit the Debtor's estate and creditors. This is especially true when the majority of Claimants' likely would be a *de minimis* amount if the litigation is successful.

## NOTICE

23.

The Debtor will provide notice of this Motion to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtor's twenty (20) largest unsecured creditors (or their counsel); (c) the firm representing the Claimants; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that in light of the nature of the relief requested no other or further notice need be given.

## NO PRIOR REQUEST

24.

No previous request for the relief sought herein has been made to the Bankruptcy Court or any other court.

WHEREFORE, the Debtor respectfully seeks the entry of an order:

(i) authorizing the Debtor to establish the Master Service List and approving the related notice procedures;

(ii) authorizing the Debtor to list the address of counsel for the Claimants in the Debtor's creditor matrix in lieu of the Claimants' addresses;

(iii) authorizing the Debtor to serve any documents required to be served on the Claimants in this Chapter 11 Case on the Claimants' known counsel of record in lieu of the Claimants; and

(iv) granting such other and further relief as may be just and proper.

This 6th day of November 2018.

/s/ _____
Scott B. Riddle, Esq.
GA Bar 604855
**Law Office of Scott B. Riddle, LLC**
Suite 1800
3340 Peachtree Road NE
Atlanta GA 30326
Telephone: (404) 815-0164
Facsimile: (404) 815-0165
scott@scottriddlelaw.com
*Counsel for Debtor*